UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN F. GLATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-00093-DCLC-CRW |
| | ) | |
| RONALD C. NEWCOMB et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Debra C. Poplin's Report and Recommendation [Doc. 8] and Plaintiff Glenn F. Glatz's Objections [Doc. 10]. For the reasons herein, the Court will sustain Mr. Glatz's objections.

## I. BACKGROUND

A state inmate who is acting pro se, Mr. Glatz sues twenty-seven different defendants for alleged conduct that involved different events and occurred over a period of nearly four years. Those defendants are:

1. Ronald Newcomb, Assistant District Attorney, 4th Judicial District of Tennessee, individual and official capacity;

2. James Bruce Dunn, District Attorney, 4th Judicial District of Tennessee, individual and official capacity;

3. Tony Lynn Tarwater, Sevier County Sheriff's Office, individual and official capacity;

4. Richard Collins, Jefferson County Sheriff's Office, individual capacity;

5. Sevier County, TN;

6. Jefferson County, TN;

7. Pamela Anderson Taylor, ex-detective sergeant, Jefferson County Sheriff's Office, individual capacity;

8. Ronald Seals, Sheriff, Sevier County Sheriff's Office, individual and official capacity;

9. Jeff Coffey, Sheriff, Jefferson County Sheriff's Office; individual and official capacity;

10. "Bud" G.W. McCoig, ex-sheriff, Jefferson County Sheriff's Office, in his individual capacity; 11. Edward Cantrell Miller, Public Defender, 4th Judicial District of Tennessee, individual capacity;

12. Michael Stallings, Detective, Jefferson City Police Department, individual and official capacity;

13. Glen Ballenger, Chief, Jefferson County Sheriff's Office, individual and official capacity;

14. Ricky Oakes, Captain, Jefferson County Sheriff's Office, individual and official capacity;

15. April [LKU], Sergeant, Sevier County Sheriff's Office, individual and official capacity;

16. Probation Services, Inc., a private corporation acting as a government entity and agent;

17. Greg [LKU], employee of Probation Services, Inc., individual and official capacity;

18. Matthew T. Morris, Assistant United States Attorney, individual and official capacity;

19. Bianca L. Pearson, Special Agent, Federal Bureau of Investigation, individual and official capacity;

20. Kristina L. Norris, Special Agent, Federal Bureau of Investigation, individual and official capacity;

21. Stephen McFall, forensic examiner, Federal Bureau of Investigation, individual and official capacity;

22. Federal Bureau of Investigation;

23. Christopher Wray, Director, Federal Bureau of Investigation, individual and official capacity;

24. United States Marshal Service, Sex Offender Unit;

25. Donald W. Washington, Director, United States Marshal Service, individual and official capacity;

26. John Wallace Bowden, Inspector, United States Postal Service, [no stated capacity]; and

27. UNKNOWN: Dustin or Dusty Wilhelm, Corrections Officer, Jefferson County Sheriff's Office, individual and official capacity.

In bringing suit against these Defendants, Mr. Glatz alleges that they violated his constitutional rights by engaging in a conspiracy that resulted in four illegal arrests: three at the state level and one at the federal level. [Pl.'s Mem., Doc. 2-1, at 5, 11, 48]. His claims—twenty-five of them in all—all arise out of these four arrests, which took place between April 2016 and January 2020. [*Id.* at 11–54]. Magistrate Judge Poplin deftly summarizes his claims in her report and recommendation, [R. & R. at 3–23], and they consist of claims for malicious prosecution, malicious arrest, false arrest, false imprisonment, outrageous government conduct, intentional infliction of emotional distress, mental and physical pain and suffering, intentional misconduct, police misconduct, prosecutorial misconduct, abuse of office, abuse of power, and abuse of process. [*Id.* at 27–28]. He seeks over $100,000,000 in damages. [*Id.* at 55].

Magistrate Judge Poplin has screened Mr. Glatz's complaint under 28 U.S.C. § 1915A[1] and § 1915(e)(2)(B)[2] of the Prison Litigation Reform Act ("PLRA"), and she recommends the Court dismiss Count One—a claim against multiple Defendants relating to one of Mr. Glatz's arrests and subsequent prosecutions—and sever and dismiss his remaining claims. Mr. Glatz objects to her recommendation. Having carefully reviewed Mr. Glatz's objections, the Court is now prepared to rule on them.

## II. Legal Standard

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. *Id.* § 636(b)(1); Fed. R. Civ P. 72(b)(3). A

---

[1] Section 1915A states: "The court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."

[2] Section 1915(e)(2)(B) states: "Notwithstanding any filing fee, or any portion thereof, that my a have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

recommendation of dismissal under § 1915A and § 1915(e)(2)(B) is dispositive in nature. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) ("[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§§ 1915(e)(2)(B)(ii) and 1915A]."). A de novo review requires the Court "to give fresh consideration" to the issues before it, *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted), and in doing so, the Court reaches "the ultimate determination of the matter" through its own judicial discretion, *id.* at 675–66. After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

In screening Mr. Glatz's complaint, Magistrate Judge Poplin concluded that Mr. Glatz combined into one suit unrelated claims against different defendants, in violation of Federal Rule of Civil Procedure 20, which governs permissive joinder of parties in a single lawsuit. She then went on to address the merits of Mr. Glatz's claim in Count One and recommends the dismissal of that claim. [R. & R. at 27–31].[3] Her ultimate recommendation is that the Court dismiss Count One and sever and dismiss Mr. Glatz's remaining claims. Mr. Glatz objects to her recommendation of severance and dismissal, arguing that it "is not the appropriate remedy for allegedly misjoined claims." [Pl.'s Objs. at 18].

The Court starts, and ends, its analysis with Magistrate Judge Poplin's recommendation on the issue of misjoinder. Again, Rule 20 governs the permissive joinder of parties in a single lawsuit, and it states:

> Persons . . . may be joined in one action as defendants if:

---

[3] Mr. Glatz described Count One as "the primary focus of [his] suit." [Pl.'s Mem. at 11].

> (A) any right to relief is asserted against them jointly, severally, or in the alternative *with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences*; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). "Under this rule, a plaintiff may not 'combine into one lawsuit unrelated claims against different defendants.'" *Cage v. Mich.,* No. 16-cv-1w1679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) (quotation omitted).

Mr. Glatz's claims do not satisfy Rule 20(a)(2)'s first requirement for joinder—i.e., the requirement that the claims against defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Mr. Glatz acknowledges that, in his lawsuit, he has joined twenty-seven different defendants who have allegedly "participat[ed]" in "four separate arrests," and these separate arrests consisted of a "number of different events," arose on "different dates,"[4] violated "different civil rights," "caus[ed] different injuries," made up "different torts," and occurred at the hands of different Defendants. [Pl.'s Mem. at 5, 11–55]. Magistrate Judge Poplin aptly explained why Mr. Glatz's claims are a composite of different occurrences:

> [T]he conduct of which Plaintiff's [sic] complains occurred at different times over a span of several years and involved actions by different people, with the grouping of defendants varying in each of the claims. For instance, Plaintiff's claims with respect to the April 11, 2016 arrest allege, among other things, a First Amendment Freedom of Speech violation for his prosecution for a Registry violation based on his participation in online communications with minors, a Fourth Amendment violation for an illegal arrest without probable cause for the same online communication activity, and an Eighth Amendment violation based on being attacked and set on fire during his incarceration at the Sevier County Jail. These claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, as his claims relating to the June 28, 2017 arrest—occurring after he gave a minor female a ride in his truck—for malicious prosecution, false

---
[4] Again, the series of events at issue took place between April 2016 and January 2020—nearly a four-year period. [*Id.* at 11–54].

6

Case 3:22-cv-00093-DCLC-DCP  Document 14  Filed 05/30/25  Page 6 of 13
PageID #: 164

> imprisonment, unreasonable search and seizure under the Fourth Amendment, failure to be informed of nature and cause of charge under the Sixth Amendment, and lack of due process under the Fifth and Fourteenth Amendment. Similar distinctions can be drawn when comparing the claims relating to the May 3, 2018 and the January 23, 2020 arrests with those discussed above.

[R. & R. at 25–26]. In short, Mr. Glatz's claims involve separate conduct by separate sets of Defendants. And Mr. Glatz acknowledged as much when he filed his complaint, having stated that his lawsuit may be vulnerable to "dismemberment of defendants and claims" because of problems with joinder under Rule 20. [Pl.'s Mem. at 5–6].

Mr. Glatz attempts to skirt Rule 20's requirements by arguing that the four separate arrests—and all their variant circumstances—are "tied together by one continuing violation based on [a] widespread conspiracy by all law enforcement named herein to victimize [him]." [*Id.* at 5]. To prevail on a civil-conspiracy claim under 42 U.S.C. § 1983 or *Bivens*,[5] Mr. Glatz must allege that "an agreement [existed] between two or more persons to injure another by unlawful action." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quotation omitted). Specifically, Mr. Glatz must allege "'that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed' in furtherance of the conspiracy that caused the injury." *Id.* (quotation omitted). Although he does not have to allege facts establishing an express agreement between the conspirators, he cannot rely on "vague and conclusory allegations unsupported by material facts." *Id.* (quotation omitted).

Mr. Glatz's complaint contains only conclusory allegations, which cannot satisfy the elements of a civil conspiracy. As Magistrate Judge Poplin observed, Mr. Glatz's "allegation of conspiracy boils down to his main assertion that Defendant Newcomb 'spearheaded and

---

[5] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

7

Case 3:22-cv-00093-DCLC-DCP   Document 14   Filed 05/30/25   Page 7 of 13
PageID #: 165

directed . . . the multitudes of civil rights violations against [him],'" [R. & R. at 27 (quoting Pl.'s Mem. at 10)], but this cadaverous allegation is devoid of any factual grist showing that Mr. Newcomb and the other twenty-six Defendants had an agreed-upon plan to violate Mr. Glatz's civil rights. So even if Mr. Glatz's allegations of a widespread conspiracy do satisfy Rule 20(a)(2)(A)'s first requirement for permissive joinder, they do not satisfy the requisite standard of pleading under Federal Rule of Civil Procedure 8(a),[6] as Magistrate Judge Poplin rightly determined.

The only remaining question is what action the Court should take in response to Mr. Glatz's violation of Rule 20(a)(2)(A). The PLRA discourages prisoners from filing frivolous lawsuits by requiring the denial of requests to proceed in forma pauperis when prisoners have accrued three "strikes," i.e., three dismissals "on the grounds that [their cases are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner's violation of Rule 20(a)(2)(A) is not a mere triviality because "joinder could be used as a way to avoid incurring strikes for frivolous actions." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 493 (6th Cir. 2012) (citation and footnote omitted); *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that a plaintiff, by filing a scatter-shot complaint, could avoid a strike "if even 1 of his 50 claims were deemed non-frivolous"); *see also Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) ("[The plaintiff] filed an omnibus complaint against unrelated defendants and with claims arising from alleged conduct" that "span[s] seven years, four prisons, and 44 defendants," and "this scattershot strategy is unacceptable under Rule 20(a)(2) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act[.]" (citations omitted)).

---

[6] Under Rule 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

8

When joinder is improper, the Court has "several options available to it." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). It may strike a plaintiff's complaint and grant him leave to file a new one, *id.*; it may dismiss the defendants whom the plaintiff has improperly joined to the suit, Fed. R. Civ. P. 21; or it may sever the case into multiple cases, Fed. R. Civ. P. 21. Magistrate Judge Poplin, in response to Mr. Glatz's improper joinder, recommends "severance and dismissal without prejudice." [R. & R. at 27]. Mr. Glatz, however, argues that severance and dismissal are improper, because he ought to have the chance to continue with his severed claims as separate cases. [Pl.'s Objs. at 18].

The severance of Mr. Glatz's claims will require him to pay multiple filing fees if he wants to refile those claims,[7] creating an economic burden on Mr. Glatz that the Court must be mindful of because it could inhibit him, financially, from pursing his claims. *See Taylor v. Brown*, 787 F.3d 851, 853 (7th Cir. 2015) (recognizing that severance of a case requires the payment of a second filing fee); *Pasley v. Justus*, No. 14-cv-505JPG, 2014 WL 2110302, at *2 (S.D. Ill. May 20, 2014) ("If th[e] severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case."); *Banks v. County of Allegheny*, Nos. 05-781, 07-1327, 07-1328, 07-1329, 2007 WL 4192199, at *3 (W.D. Pa. Nov. 25, 2007) ("When misjoined cases are severed and filed individually, each becomes a new action." (quotation omitted)); *see also* 28 U.S.C. § 1914(a) (requiring the payment of a filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," and containing no exception for the filing of severed actions).

"Because paying a second filing fee may impose a substantial financial burden on a prisoner," the Court "should not sever claims without a plaintiff's consent or acquiescence."

---

[7] The PLRA requires prisoners "to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), which is $350.00, *id.* § 1914(a).

*Dorsey*, 55 F. 4th at 1107. Although Mr. Glatz contends that "severance and initiation of new suits" rather than "severance and dismissal" is the appropriate way to correct misjoinder, [Pl.'s Objs. at 18], the record is unclear as to whether he is aware of the effect that severance could have on his ability to access the courts and prosecute his claims. In other words, the financial ramifications of severance on Mr. Glatz's claims could, whether he realizes it or not, effectively act as a dismissal *with* prejudice. *See Dorsey*, 55 F.4th at 1108 ("[D]ismissing an entire case for misjoinder is improper and is reversible error if it prejudices a plaintiff's ability to refile his claims." (citation omitted)).

In the end, misjoinder is a defect in pleading, so it is correctable through an amended pleading. In this vein, the Seventh Circuit suggests that "a district court faced with misjoined claims begin . . . by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem." *Id.* at 1107. The Sixth Circuit's jurisprudence is not in disharmony with this suggestion. "Even when a prisoner's complaint is dismissed *sua sponte* under the PLRA, the ordinary rules for allowing leave to amend still apply." *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). One of these ordinary rules, Federal Rule of Civil Procedure 15(a), states that "[a] party may amend its pleading once as a matter of course" within "21 days after serving it," and "[i]n all other cases . . . [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(A), (2). "In the absence of any apparent or declared reasons . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court will therefore give Mr. Glatz "at least once chance" to amend his complaint and fix the improper joinder. *Dorsey*, 55 F.4th at 1107. But before inviting him to amend his

10

Case 3:22-cv-00093-DCLC-DCP Document 14 Filed 05/30/25 Page 10 of 13
PageID #: 168

complaint, the Court offers some words of guidance and caution to him. Again, the claims in his complaint involve separate conduct by separate sets of Defendants, and they are legally and factually distinct from each other. Mr. Glatz may not, therefore, use this single lawsuit as a vehicle to litigate all of his unrelated claims, even if some overlap exists among them and the named Defendants. If he persists in co-mingling claims involving separate conduct by separate sets of Defendants, the Court will make no determination on the merits, and this case will be back where it started. *See id.* ("When a prisoner sues government defendants, we recommend that the district court assess whether joinder is proper under Rule 20 before considering the merits.").

Any amended complaint must comply with Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Harrell v. Dirs. of Bd. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975) ("[T]he only permissible pleading [in a federal district court] is a short plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." (second alteration in original) (citing Fed. R. Civ. P. 8(a)). While a small amount of surplus material in a complaint is not enough to frustrate the purpose of Rule 8, unnecessary length, repetitiveness, obfuscation, and immaterial allegations can be grounds for dismissal. *See Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (dismissing a pro se litigant's complaint because it did not comply with Rule 8(a)); *Kuot v. Corrs. Corp. of Am.*, No. 1:16-cv-00006, 2018 WL 655158, at *1 (M.D. Tenn. Feb. 1, 2018) ("It is . . . axiomatic that complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8." (citing *Plymale*, 1991 WL 54882 at *1)); *see also Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should

11

Case 3:22-cv-00093-DCLC-DCP   Document 14   Filed 05/30/25   Page 11 of 13
PageID #: 169

not have to read and decipher tomes disguised as pleadings."). The Court's commentary about compliance with Rule 8(a)(2) is significant because Mr. Glatz's sixty-six-page complaint is brimful of immaterial and repetitive information, argument, and legal conclusions. *See* [Pl.'s Compl, Doc. 2, at 1–11; Pl.'s Mem. at 1–55]. Any amended complaint must contain only sufficient facts from which the Court can identify the basis for his claim or claims.

In sum, Mr. Glatz's claims do not satisfy Rule 20(a)(2)(A)'s conditions for permissive joinder because they arise out of separate transactions, occurrences, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2)(A). Although his violation of Rule 20(a)(2)(A) is serious because it implicates the PLRA's three-strikes rule, the severance of his claims as a corrective measure is, at this juncture in the case, potentially prejudicial to him as a pro se litigant—for financial reasons and, ultimately, due-process reasons. Severance is therefore not the measure that the Court will take in response to the improper joinder. Instead, the Court will strike Mr. Glatz's complaint and allow him to correct the improper joinder by amending his complaint. The Court therefore **ORDERS** as follows:

1. Mr. Glatz's Motion for Continuance to File Objection to Report and Recommendation [Doc. 9] is **GRANTED**, and his objection [Doc. 10] is **SUSTAINED**;

2. Mr. Glatz's complaint [Docs. 2 & 2-1] is hereby **STRICKEN**. He may file an amended complaint on or before **Wednesday, July 16, 2025**, and his amended complaint must comply with this Order;

3. To the extent Magistrate Judge Poplin recommends the Court sever and dismiss Mr. Glatz's claims, the report and recommendation [Doc. 8] is **REJECTED**;

4. To the extent Magistrate Judge Poplin recommends the Court dismiss Count One or any other count on the merits, the report and recommendation is **REJECTED**;

5. Once Mr. Glatz has filed his amended complaint, Magistrate Judge Poplin will rescreen it under § 1915A and § 1915(e)(2)(B), *see Dorsey*, 55 F.4th at 1108 ("Once joinder problems are resolved, the court can consider the merits, complete the screening process, and return the case to the familiar path of federal civil litigation.");

6. Mr. Glatz is forewarned that if he is unable or unwilling to correct the misjoinder by filing an amended complaint, the Court may dismiss certain defendants or sever certain claims; and

7. The stay of this action is hereby **LIFTED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge